# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TARAH JOY JOHNSON et. al., | ) | 1: 04 CV F 04-6719 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER DENYING EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL |
| v. | ) | |
| | ) | (Document 14) |
| CLOVIS UNIFIED SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 6, 2005, Defendant Joseph S. Nieto filed an Ex Parte Application for Appointment of Counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant states that he is currently involved in the criminal action that initiated this civil suit and has exhausted his financial resources such that he is unable to pay for legal counsel in this civil action. He argues that this civil rights action involves complex issues and he will be unable to proceed further without experienced legal representation. Defendant submits a state court financial statement evidencing his "current financial status" and pleads for "financial assistance."

As Defendant recognizes, there is no constitutional or statutory right to appointment of counsel in a civil action. *See Ray v. Robinson*, 640 F.2d 474, 477 (3rd Cir. 1981) (citing *Peterson v. Nadler*, 452 U.S. F.2d 754, 757 (8th Cir.1971)); *see also Mallard v. United States District*

1  *Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989).  Only under
2  exceptional circumstances may a district court appoint counsel to represent an indigent civil
3  litigant.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  A finding of
4  exceptional circumstances requires an "evaluation of both the likelihood of success on the merits
5  [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the
6  legal issues involved."  *See Wilborn*, 789 F.2d at 1331 (citations and internal quotation marks
7  omitted).  To obtain counsel under 28 U.S.C. § 1915, the moving party must make a threshold
8  showing that he sought counsel, has been unable to obtain it, and the claim is not frivolous.  *See*
9  *Hodge v. Police Officers*, 802 F.2d 58, 61 (2nd Cir. 1986).  A court has authority to appoint
10 counsel when it is necessary to avoid fundamental unfairness.  *See Maclin v. Freake*, 650 F.2d
11 885, 886 (7th Cir. 1981).

12         In the present case, this Court does not find the required exceptional circumstances.
13 Review of the complaint does not suggest this case is extraordinary or overly complex.  Even if it
14 is assumed that Defendant is not well-versed in the law and that the allegations against him are
15 serious which, if proved, may entitled the Plaintiffs to a large monetary award against him, his
16 case is not exceptional.  Defendant fails to demonstrate an attempt and inability to obtain
17 counsel.  Failure to appoint counsel will not result in "fundamental unfairness."  Defendant has
18 failed to substantiate the criteria for appointment of counsel.  Defendant's motion for
19 appointment of counsel is DENIED.

20         IT IS SO ORDERED.

21 **Dated:   May 19, 2005**                    /s/ Dennis L. Beck
   3b142a                                      UNITED STATES MAGISTRATE JUDGE