1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10   TARAH JOY JOHNSON et. al.,           )   1: 04 CV F 04-6719 AWI DLB
                                          )
11                                        )   ORDER GRANTING DEFENDANT'S
                                          )   REQUEST TO FILE EX PARTE
12                      Plaintiff,        )   APPLICATION UNDER SEAL
                                          )
13         v.                             )   ORDER DENYING DEFENDANT'S EX
                                          )   PARTE APPLICATION FOR APPOINTMENT
14   CLOVIS UNIFIED SCHOOL DISTRICT,      )   OF COUNSEL
     et al.,                              )
15                                        )
                                          )
16                                        )
                       Defendants.        )
17   _____)

18

19         On August 15, 2005, Defendant Joseph S. Nieto ("Defendant") filed an ex parte

20   application for appointment of counsel.  Defendant requested that the application be filed under

     seal.
21

22         Defendant filed a previous application for appointment of counsel in this civil rights

23   action filed pursuant to 42 U.S.C. § 1983.  On May 20, 2005, the Court denied the request and

24   explained that the exceptional circumstances required for the appointment of counsel were not

     present.
25

26         Defendant's current application includes declarations from numerous attorneys detailing

27   the complexity of his underlying criminal case.  Defendant also submits his own declaration

28   explaining his failed attempts to retain legal counsel because of his inability to pay legal fees.

                                              1

1  While 28 U.S.C. § 1915 provides for appointment of counsel for plaintiff in a civil case in

2  certain circumstances, the Court is unaware of any authority to support appointment of counsel

3  for a *defendant* in a civil action.  The complex nature of Defendant's underlying criminal case

4  and consequently this action, and his inability retain and pay legal counsel to represent him in the

5  instant federal civil rights action are adequately demonstrated in the application.  However, there

6  is simply no authority to support the appointment of counsel for Defendant.

7  Indeed, even if the Court had the authority to appoint counsel, it would be extremely

8  difficult to find willing counsel.  When the Court appoints counsel for a civil rights plaintiff

9  counsel it does so without the payment of attorney's fees - i.e., it has no authority or source of

10  funds to pay fees in same manner as appointed counsel for indigent criminal defendants.  A

11  prevailing plaintiff in a civil rights action is normally entitled to attorneys' fees, and an attorney

12  will often agree to be appointed to represent a plaintiff based on the strength of the case and the

13  likelihood he or she can recover attorneys' fees.  42 U.S.C. § 1988.  On the other hand, a

14  defendant in a civil rights case can only recover attorneys' fees if it can show that the action was

15  frivolous, unreasonable and groundless.  Tierney v. Vahle, 304 F.3d 734, 740 (7th Cir. 2002).

16  This is a relatively high standard and awards to defendants are therefore extremely rare.

17  This Court lacks authority to appoint counsel to represent Defendant Nieto in this action.

18  ORDER

19  1.  Defendant's request to file the ex parte application for appointment of counsel

20  under seal is GRANTED; and

21  2.  Defendant's ex parte application for appointment of counsel is DENIED.

22  IT IS SO ORDERED.

23  **Dated:   August 16, 2005**          **/s/ Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE

2