1
2
3
4
5
6
7
8

### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF CALIFORNIA

9  TARAH JOY JONHSON; KELLY          )   1: 04 -CV- 6719 AWI DLB
   JENNINGS; ALEXA N. KOURAFAS;      )
10 MEREDITH L. FARMER; ALI L.        )   MEMORANDUM OPINION AND
   LOWREY; MARISSA HARVEY;           )   ORDER REGARDING
11 DANIELLE HOFFMAN;                 )   DEFENDANT CUSD'S MOTION
   NATALIE GREGORIO; and ROBIN       )   FOR JUDGMENT ON THE
12  MATTHEWS,                        )   PLEADINGS
                                     )
13            Plaintiffs,            )   (Document #33)
                                     )
14      v.                           )
                                     )
15 CLOVIS UNIFIED SCHOOL             )
   DISTRICT; JOSEPH NIETO;           )
16  and DOES 1-5,                    )
                                     )
17            Defendants.            )
   _____   )

18

19      This action alleges violations of Plaintiffs' rights under Title IX of the Education Act of

20 1972 and related state rights.  The court has jurisdiction over the federal claims pursuant to 28

21 U.S.C. § 1331 and supplemental jurisdiction over the state law claims.    Because the events

22 underlying this action occurred within the Fresno Division of the Eastern District of California,

23 venue is appropriate.

24                              **BACKGROUND**

25      On December 17, 2004, Plaintiffs filed a complaint.    The first claim is brought against

26 Defendant Clovis Unified School District ("Defendant CUSD") under Title IX of the Education

27 Act of 1972 and alleges that the sexual harassment of Plaintiffs had the effect of depriving them

28 of the benefits of and/or subjected them to discrimination in Defendant CUSD's school program.

The second claim is brought against Defendant Joseph Nieto ("Nieto") in his individual capacity and alleges that Defendant Nieto's sexual harassment, abuse, neglect and creation of a hostile, intimidating, and offensive environment violated Plaintiffs' Fourteenth Amendment Rights and California law concerning the administration of education.   The third claim is brought against Nieto and alleges violations of California Civil Code § 1708.5, California Educational Code § 212.5, and intentional infliction of emotional distress.

On March 16, 2007, Defendant CUSD filed a motion for judgment on the pleadings. Defendant CUSD contends that the complaint fails to allege actual knowledge of any abuse by a school official of Defendant CUSD.  Because the complaint only alleges Defendant CUSD's negligence and fails to allege actual knowledge, Defendant CUSD contends it is entitled to judgment on the pleadings on Plaintiffs' claim against it.

On April 13, 2007, Plaintiffs filed an opposition.   Plaintiffs contend that the complaint's allegations contain a short and plain statement showing that Defendant CUSD was deliberately indifferent, which is all that is required for a complaint under Rule 8 of the Federal Rules of Civil Procedure.   In the event the court finds the complaint is insufficient, Plaintiffs request the opportunity to amend the complaint to allege specific reports made to Defendant CUSD about Nieto.

On April 20, 2007, Defendant CUSD filed a reply.   Defendant CUSD contends that the complaint is insufficient to show a Title IX violation without any allegations that Defendant CUSD had knowledge of ongoing sexual harassment and was deliberately indifferent to the harassment.   In the event the court allows Plaintiffs leave to amend,  Defendant CUSD contends that Plaintiffs should only be allowed to amend regarding actions that took place after 1995.

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c).  Judgment on the pleadings is appropriate when, even if all

1    material facts in the pleading under attack are true, the moving party is entitled to judgment as a

2    matter of law.   Judgment on the pleadings is appropriate when, taking everything in the pleadings

3    as true, the moving party is entitled to judgment as a matter of law.   Honey v. Distelrath, 195

4    F.3d 531, 532 (9th Cir. 1999);   Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436

5    (9th Cir. 1989).   The allegations of the nonmoving party must be accepted as true, while any

6    allegations made by the moving party that have been denied are assumed to be false.   Hal Roach

7    Studios, 896 F.2d at 1550.   The facts are viewed in the light most favorable to the non-moving

8    party and all reasonable inferences are drawn in favor of that party.   General Conference Corp. of

9    Seventh-Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th

10    Cir. 1989); McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Gingo v. United

11    States Dept. of Education, 149 F.Supp.2d 1195, 1201 (E.D. Cal. 2000).   "However, judgment on

12    the pleadings is improper when the district court goes beyond the pleadings to resolve an issue;

13    such a proceeding must properly be treated as a motion for summary judgment." Hal Roach

14    Studios, 896 F.2d at 1550; Fed. R. Civ. Pro. 12(c).   The court may consider the full text of

15    documents referred to in the complaint without converting the motion to a motion for summary

16    judgment, provided that the document is central to plaintiff's claim and no party questions the

17    authenticity of the document.   Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

## FACTS

18

19        The complaint alleges that at the time the events underlying this action took place, the

20    Plaintiffs were enrolled at Lincoln Elementary School ("Lincoln").   Lincoln is an elementary

21    school facility operated by and under the management and control of Defendant CUSD.   The

22    complaint alleges that Plaintiffs were enrolled at Lincoln during their Fourth Grade year, which

23    was either the 1994-95 school year or the 1995-96 school year.

24        The complaint alleges that Nieto was each Plaintiffs' teacher when they were in the

25    Fourth Grade.   The complaint alleges that while he was their teacher, Nieto engaged in a pattern

26    and practice of sexual harassment and/or gratification by the wrongful touching of female

27

28                               3

students in violation of the law.    The complaint alleges that Nieto's actions included, but were not limited to, the touching and tickling of students at or near their breasts, the touching of their skin under their clothing, the touching of their breast area either over their clothing or under their clothing, the touching of their buttocks, the touching of their vagina or the area of their genitals, referring to his students has having a "cute butt", having his female students sit on his lap, or having his female students sit on his lap and hand to allow him to touch the area of their genitals and/or inner thighs, the touching of blouses and pants in an inappropriate manner, generally touching female students using the cover-up explanation that he was only tickling them, and engaging in other conduct clearly unprofessional and prohibited by ethics, decency, the moral duty of a teacher, and by state and federal law.    The complaint alleges that in doing these actions, Nieto violated the trust bestowed upon him by his position as teacher, a position in which students trust their teacher, trust their teacher's motives, want to be liked by their teacher, and generally assume that what their teacher does is right and proper.

        The complaint alleges that the acts of Nieto interfered with and prevented Plaintiffs from attending school and/or performing studies and/or engaging in school activities and receiving the full benefit of their educational opportunity.    The complaint alleges that by doing these things, Nieto created a hostile and annoying environment for Plaintiffs, sexually harassed Plaintiffs, negatively impacted their educational performance, and created a hostile, intimidating, and offensive educational experience for each of the Plaintiffs.    The complaint alleges that these things were done for Nieto's sexual gratification and/or arousal.

        The complaint alleges that in 1995, 1996, and before then, Lincoln's principal and other officials employed by Defendant CUSD had the power and authority to control Nieto and remove him from his teaching assignment.    The complaint alleges that Lincoln's principal and other school officials had been provided information by which a reasonable person as principal of an elementary school, when drawing upon appropriate experience and adequate training, would be caused to suspect that female students being taught by Nieto were being neglected and/or abused

4

and/or harassed and/or mistreated under California law, which deprived Plaintiffs of an equal educational opportunity.

The complaint alleges that Defendant CUSD failed to provide adequate training to its principal and others with power and authority to control Nieto to enable them to appreciate the nature of Nieto's acts, to understand the State of California's and United States' laws, to know how to identify the impropriety of a male teacher's continual and repeated touching of young female students, to appreciate their duty as a mandatory reporter under California law, and their obligation to prevent sexual harassment or other wrongful conduct by teachers involving their students.   The complaint alleges Defendant CUSD failed to adequately instruct its personnel on how to recognize sexual harassment of students, how to respond to sexual harassment of students by teachers, and how to properly report sexual harassment of students.   The complaint alleges that the principal and others with power and authority to control Nieto failed to make further investigation to determine the extent and nature of Nieto's actions, monitor Nieto's conduct, and protect female students in his charge.

The complaint alleges that as a result of Defendant CUSD's actions or inactions, Nieto was permitted to remain a teacher at Lincoln and continue to engage in a pattern of sexual abuse, harassment, neglect and/or the creation of a hostile, intimidating, annoying, or offensive educational environment.

The complaint alleges that Defendant CUSD's acts were deliberately indifferent to the educational needs of Plaintiffs as well as Plaintiffs' need to be protected from sexual molestations and wrongdoing by their teacher.   The complaint alleges that Defendant CUSD's acts were done with reckless and callous indifference to Plaintiff's rights.   The complaint alleges that Plaintiffs have been damaged as a proximate or legal result of Defendant CUSD's actions.

//

//

**DISCUSSION**

**A.  Legal Standard for Title IX**

The only claim against Defendant CUSD is that Defendant CUSD violated Title IX. This claim is based on allegations that Nieto's sexual harassment had the effect of depriving Plaintiffs of the benefits of and/or subjected them to discrimination in Defendant CUSD's school program.   Title IX  provides in part that: "No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ." 20 U.S.C. § 1681(a). Title IX encompasses sexual harassment of a student by a teacher and is enforceable through an implied private right of action for damages against a school district.   Franklin v. Gwinnett County Pub. Sch., 503 U.S. 60, 75- 76 (1992).

Damages may not be recovered against a school district under Title IX if a student only can show that she or he was sexually harassed by one of the school district's teachers.   Gebser v. Lago Vista Independent School Dist., 524 U.S. 274, 277 (1998).   Rather, damages may only be recovered against the school district if a school district official, who at a minimum has authority to institute corrective measures on the district's behalf, has actual notice of and is deliberately indifferent to the teacher's misconduct.   Id.; Bostic v. Smyrna School Dist., 418 F.3d 355, 360 (3rd Cir. 2005).  For a student to proceed on a claim against a school district for teacher-on-student harassment under Title IX, the student must establish: (1) she or he was subjected to a sexually hostile environment or quid pro quo sexual harassment; (2) she or he provided actual notice of the situation to an "appropriate person," who was, at a minimum, an official of the educational entity with authority to take corrective action and to end discrimination; and (3) the institution's response to the harassment amounted to "deliberate indifference." Klemencic v. Ohio State University, 263 F.3d 504, 510 (6th Cir. 2001); Morse v. Regents of the Univ. of Colorado, 154 F.3d 1124, 1127-28 (10th Cir. 1998).

**B.  Do the Complaint's Allegations Show Actual Knowledge By Defendant CUSD**

Defendant CUSD contends that it is entitled to judgment on the pleadings because the complaint fails to contain allegations that Defendant CUSD had actual knowledge of Nieto's alleged improper conduct toward Plaintiffs.   The complaint alleges that Lincoln's principal, and other school officials, were given sufficient information from which a reasonable elementary school principal should have suspected that Nieto's female students were being neglected and/or abused and/or harassed and/or mistreated.   The complaint alleges that the principal and others failed to investigate to determine the extent and nature of Nieto's actions, monitor Nieto's conduct, and protect female students.   The complaint alleges that Defendant CUSD failed to provide adequate training to its principal and others to enable them to appreciate the nature of Nieto's acts and enable them to identify when a male teacher's touching of young female students is sexual harassment and wrongful conduct.   The complaint alleges Defendant CUSD failed to adequately instruct its personnel how to recognize sexual harassment, how to respond to sexual harassment, and how to properly report sexual harassment.

The complaint does not specifically allege that Lincoln's principal and/or Defendant CUSD knew that Nieto was sexually harassing his students.   Rather, the complaint alleges that Lincoln's principal was given sufficient information from which a reasonable elementary school principal ***should have*** suspected improper conduct.   There is no liability to a school district unless an official who has authority to address and correct the alleged conduct has ***actual*** knowledge of the conduct and fails adequately to respond.  Gebser, 524 U.S. at 290.   Further, the official's "response must amount to deliberate indifference to discrimination. . . . in other words . . . an official decision by the recipient not to remedy the violation." Gebser, 524 U.S. at 290; Bostic, 418 F.3d at  360.   The Supreme Court has explained this requirement as follows:

> . . . . we rejected the use of agency principles to impute liability to the district for the misconduct of its teachers.  Likewise, we declined the invitation to impose liability under what amounted to a negligence standard-holding the district liable for its failure to react to teacher-student harassment of which it knew or should have known. Rather, we concluded that the district could be liable for damages only where the district itself intentionally acted in clear violation of Title IX by

1    remaining deliberately indifferent to acts of teacher-student harassment of which it
     had actual knowledge. . . . . Liability arose . . . from an official decision by the
2    recipient not to remedy the violation.

3    Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.  526 U.S. 629, 642 (1999)

4    (internal cites and quotes omitted).

5         Here, there is no allegation of actual knowledge by Lincoln's principal or any other

6    CUSD official.   That Lincoln's principal had sufficient knowledge from which a reasonable

7    principal with proper training should have known about sexual harassment is not sufficient.

8    Such an allegation only amounts to negligence.   Because the complaint fails to contain

9    allegations that Defendant CUSD had actual knowledge of Nieto's conduct, the complaint does

10   not contain all necessary elements for a Title IX claim against Defendant CUSD.   Thus,

11   Defendant CUSD is entitled to judgment as a matter of law on the Title IX claim because  even

12   taking the complaint's allegations as true, the complaint fails to meet all requirements for a Title

13   IX claim against a school district.

14   **C.  Leave to Amend**

15        In the event the court finds that the complaint's allegations concerning actual notice are

16   insufficient, Plaintiffs request permission to amend the complaint.  Although Rule 12(c) does not

17   mention leave to amend, courts have the discretion to grant a Rule 12(c) motion with leave to

18   amend, or to simply grant dismissal of the action instead of entry of judgment.  Amersbach v.

19   City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979), *disapproved on another ground in* Garcia

20   v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985);  RUTTER PRACTICE GUIDE:

21   FED.CIV.TRIALS & EV. CH. 4-G (2006);  see also  Lonberg v. City of Riverside, 300 F.Supp.2d

22   942, 945 (C.D. Cal. 2004); Carmen v. San Fransisco Unified School Dist., 982 F.Supp. 1396,

23   1401 (N.D. Cal. 1997).   "A judge should not rebuff a litigant's effort to supplement the

24   complaint or provide legal argument in support of the suit. Because complaints need not

25   articulate legal theories, and because the skeletal presentation in a notice pleading may be fleshed

26   out later, a decision without giving plaintiff the opportunity to argue or augment his position is

27

28                                        8

1  premature." Johnson v. Revenue Management Corp., 169 F.3d 1057, 1060 (7th Cir. 1999)

2  (internal cite omitted).

3       Plaintiffs contend that they can amend the complaint to allege actual knowledge by

4  Defendant CUSD of Nieto's harassing conduct.   Given that the complaint in this action has

5  never been amended and no defendant has ever filed a motion to dismiss under Rule 12(b)(6), the

6  court is inclined to allow Plaintiffs at least one opportunity to amend the complaint prior to

7  granting judgment in Defendant CUSD's favor.   Although a Rule 12(c) "motion may be helpful

8  in disposing of cases in which there is no substantive dispute that warrants the litigants and the

9  court proceeding further, thereby easing crowded trial dockets in the federal district courts, hasty

10  or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring

11  to each litigant a full and fair hearing on the merits of his or her claim or defense."   5A Charles

12  A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D § 1368 (2007); see

13  also Carrasco v. Fiore Enterprises, 985 F.Supp. 931, 934 (D.Ariz. 1997).   Thus, rather than enter

14  judgment in Defendant CUSD's favor, the court, in its discretion, will dismiss the complaint with

15  leave to amend.

16       The court notes that when dismissing a complaint, leave to amend should not be granted

17  if doing so would be futile and the deficiencies in the complaint could not be cured by

18  amendment.   Reddy v. Litton Indus., 912 F.2d 291, 296 (9th Cir. 1990); Gomez v. Winslow, 177

19  F.Supp.2d 977, 981 (C.D. Cal. 2001).   In the reply brief, Defendant CUSD contends that

20  Plaintiffs' proposed amendments will not cure the complaint's defects.   Defendant CUSD

21  points out that Plaintiffs' proposed amendment alleges that the Lincoln principal was informed

22  about tickling episodes in December 1995.   Defendant CUSD contends that without allegations

23  that it had knowledge prior to December 1995, Defendant CUSD cannot be liable for actions that

24  occurred prior to December 1995, including those that occurred during the 1994-1995 school

25  year.   Given that no amended complaint is before the court, the court declines to dictate the

26  confines of any potential amended pleading.   This order gives all parties notice of the

27

28                                           9

1   requirement that Defendant CUSD have actual knowledge of Nieto's conduct to prove a claim

2   under Title IX.   The court is confident that Plaintiffs are well aware that any amended complaint

3   must be based upon a well-founded belief that a cognizable or arguable legal theory exists that

4   would support any claim alleged in an amended complaint.  See Fed. R. Civ. P. 11.

5          Defendant CUSD also contends that no amendment should be allowed because Plaintiffs

6   can only allege, at best, that Defendant CUSD was aware that Nieto frequently tickled his

7   students.   Defendant CUSD contends that such contact fails to show knowledge of sexual

8   harassment that is so severe that it effectively bars the victim's access to an educational

9   opportunity or benefit.    In the context of ***student-on-student harassment***, the Supreme Court

10  has found that damages are available only where the behavior is so severe, pervasive, and

11  objectively offensive that it denies its victims the equal access to education that Title IX is

12  designed to protect.  Davis,  526 U.S. at 652.   This court is not convinced that the Supreme

13  Court's language about the level of harassment necessary to show student-on-student harassment

14  means this standard also applies to cases involving sexual harassment by a teacher.    The

15  Supreme Court in Davis appeared to limit its holding to student-on-student harassment:

16                . . . . By limiting private damages actions to cases having a systemic effect
               on educational programs or activities, we reconcile the general principle that Title
17             IX prohibits official indifference to known peer sexual harassment with the
               practical realities of responding to student behavior, realities that Congress could
18             not have meant to be ignored. Even the dissent suggests that Title IX liability may
               arise when a funding recipient remains indifferent to severe, gender-based
19             mistreatment played out on a "widespread level" among students.
                      The fact that it was a teacher who engaged in harassment in Franklin and
20             Gebser is relevant. The relationship between the harasser and the victim
               necessarily affects the extent to which the misconduct can be said to breach Title
21             IX's guarantee of equal access to educational benefits and to have a systemic
               effect on a program or activity. Peer harassment, in particular, is less likely to
22             satisfy these requirements than is teacher-student harassment.

23  Davis, 526 U.S. at 653.

24          Regardless, the issue of whether Defendant CUSD's knowledge of Nieto's tickling is

25  sufficient to state a claim under Title IV is not currently before the court.   The current complaint

26  does not allege any specific knowledge by Defendant CUSD.   The issue of what conduct is

27

28                                                  10

necessary to show teacher-on-student harassment was also not raised until Defendant CUSD's reply brief.   Issues raised for the first time in a reply brief should not be considered by the court. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 & n. 4 (9th Cir.1995) (issues not raised in opening brief may not properly be raised in reply);  United States v. Traynor, 990 F.2d 1153, 1159 (9th Cir.1993); In re Lal, 2002 WL 449661 *3 (N.D.Cal. Mar 15, 2002) (same);  United States ex rel. Giles v. Sardie, 191 F.Supp.2d 1117, 1127 (C.D. Cal. 2000) (same).   Accordingly, the court declines to resolve this issue at this time.

## ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1.    Defendant CUSD's motion for judgment on the pleadings is GRANTED;

2.    Rather than enter judgment, in the court's discretion, the complaint is DISMISSED with leave to amend;

3.    Any amended complaint SHALL BE FILED within thirty days of this order' s date of service; and

4.    Plaintiffs are forewarned that failure to file an amended complaint will result in this action's dismissal for failure to prosecute.

IT IS SO ORDERED.

**Dated:    May 16, 2007**            _____/s/ Anthony W. Ishii_____
                                              UNITED STATES DISTRICT JUDGE