ANWYL, SCOFFIELD & STEPP, LLP
2180 Harvard Street, Suite 200
Sacramento, California 95815-3318
Telephone:       (916) 565-1800
Telecopier:      (916) 565-2374

JAMES T. ANWYL, SBN 78715
LYNN A. GARCIA, SBN 131196

Attorneys for Defendant CLOVIS
UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| TARAH JOY JOHNSON; KELLY JENNINGS; ALEXA N. KOURAFAS; MEREDITH L. FARMER; AMI L. LOWREY; MARISSA HARVEY; DANIELLE HOFFMAN; NATALIE GREGORIO; and ROBIN MATTHEWS,<br><br>Plaintiffs,<br><br>v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT; JOSEPH NIETO and DOES 1-15,<br><br>Defendants.<br>_____/ | NO: CIV-F-04-6719 AWI DLB<br><br><br><br><br><br>**DEFENDANT'S REPLY TO PLAINTIFFS' MOTION TO DISMISS JOSEPH NIETO PURSUANT TO FRCP, RULE 12b6**<br><br>DATE:   8/27/07<br>TIME:   1:30 p.m.<br>DEPT:   #2 |

**I.
INTRODUCTION**

The District filed this motion based on Plaintiffs' failure to allege a claim upon which relief could be predicated. The critical focus of the motion is plaintiffs' failure to allege facts sufficient to sustain a claim for a Title IX violation. In fact, the Complaint appears to predicate liability toward each of the plaintiffs based upon the allegations that, within a very short period of time, the principal was told that two of them had been tickled and were uncomfortable with it. *There are no allegations that the principal was ever made aware that either of these plaintiffs was ever tickled again and there are no allegations that the principal was ever made aware that any individual was even touched by Nieto other than these two plaintiffs at any time before the alleged molestations ceased.*

The Amended Complaint does not allege that any district supervisory official was ever made aware prior April 10, 1995: (1) that anything other than tickling was ever going on in the classroom, (2) that more than two girls had been touched, or (3) that two letters of reprimand written by Mr. Kampf in December 2005 and January 2006 had not stopped the tickling. Moreover, there are no allegations that any supervisory official in the District was ever aware that Nieto only tickled female children, much less that the tickling had anything to do with the fact that the children whom he tickled were female, rather than male. Finally, there are neither allegations of exactly when Mr. Kampf or anyone else was aware that Mr. Kampf's attempts to stop the tickling were insufficient to stop Nieto from molesting the girls, nor any allegations that any of the plaintiffs were either molested or witnessed any other girls being molested after whatever date Kampf allegedly became aware his efforts were ineffective. Rather, as plaintiffs acknowledge in their opposition, the Complaint attempts to predicate liability on the fact that the officials in question: (1) failed to investigate [thus, failed to learn] the extent, nature, and scope of the problem, and (2) failed to monitor Nieto's conduct [again, thus failed to either learn (1) that NIETO was molesting the children rather than just tickling them or later, or (2) that efforts to stop the problem were ineffective]. See Amended Complaint, paragraph 34, 36; Opposition, 3: 17-20, 6: 11-15 Thus, despite plaintiffs' attempts to argue otherwise, this version of the complaint still attempts to impose liability based on some type of negligence theory rather than the much more stringent "deliberate indifference to known harassment" standard required to establish liability. Accordingly, Plaintiffs have not set forth a plain statement of any claim which addresses the requisite standards. Thus, the motion should be granted.

## II.
## TITLE IX DOES NOT REQUIRE SCHOOL OFFICIALS TO INVESTIGATE TO DISCOVER WHETHER OR NOT HARASSMENT IS OCCURRING.

Plaintiffs argue, in essence, that when the District was advised that two girls had been tickled, the District had some duty to investigate to learn the "extent and nature of [Nieto's] wrongdoing" (Opposition, 3:16-18). Presumably, Plaintiffs contend that an investigation would have uncovered the fact that Nieto's conduct was: (1) directed only to female students, (2) included more than just tickling, but in fact, included molestation, and (3) did not stop after the second directive written by Kampf. Essentially, plaintiffs argue that such an investigation would have uncovered ongoing sexual

1 harassment. However, Title IX does not impose liability for a school district that has failed to
2 uncover sexual harassment. Rather, a student bringing a Title IX sexual harassment claim is required
3 to show that: (1) she is subjected to either *quid pro quo* harassment or sexually hostile environment;
4 (2) she provided actual notice of the situation to an appropriate person who had authority to take
5 corrective action and end discrimination; and (3) institution's response to the harassment amounted
6 to deliberate indifference. *Craig v. Lima City Schools Bd. of Educ.,* (N.D. Ohio 2005) 384 F.
7 Supp.2d 1136.

### III.
### PLAINTIFFS HAVE NOT ALLEGED ACTUAL KNOWLEDGE OF CURRENT SEXUAL HARASSMENT.

10 Ordinarily, actual notice and deliberate indifference are alternative paths to proving
11 knowledge. However, a plaintiff in a Title IX suit based on a teacher's behavior must prove actual
12 knowledge of the risk of the misconduct, and must also prove that the officials having that
13 knowledge decided not to act on it. Thus, the failure to allege any facts indicative of the school's
14 actual knowledge of sexual harassment by a teacher is fatal to a Title IX claim of sexual harassment.
15 See *Delgado v. Stegall* (7th Cir. 2004) 367 F.3d 668.

16 Plaintiffs' Amended Complaint is thus fatally flawed. Plaintiffs did not plead *facts* which
17 rose to the level of demonstrating sexual harassment. Rather, as plaintiffs acknowledge in their
18 Opposition, they pleaded only that "Kampfe [sic] and other officials, employees, and agents of
19 Defendant had actual knowledge of the frequent tickling episodes." Amended Complaint, paragraph
20 26, Opposition 3: 4-6. Despite this, they have presented no authority for the proposition that tickling,
21 in and of itself, constitutes sexual harassment and Counsel for the District was similarly unable to
22 find any authority to support this proposition. Thus, there is no support for the proposition that
23 tickling presents any danger to anyone, much less that a teacher who tickles one student presents any
24 type of a threat to any other students.

25 For purposes of a Title IX claim alleging sexual harassment of a student by a teacher, an
26 educational institution has actual knowledge of the discrimination if an appropriate person has
27 knowledge of facts indicating a substantial danger to a student, such that the institution can
28 reasonably be said to be aware of the danger. *Bostic v. Smyrna School Dist.* (3d Cir., 2005) 418 F.3d

1  355. To meet the standard for "actual notice," Plaintiffs must show that an appropriate District
2  official "had knowledge of facts sufficiently indicating substantial danger to a student so that [Clovis
3  Unified] can reasonably be said to be aware of the danger." *Id.* at 360.  Actual notice cannot be
4  based on a mere possibility of danger. *Id.* at p. 361.  In this case, there is no indication that any of
5  the *facts* reported to Mr. Kampf demonstrated the probability that anyone was in danger (much less
6  any of the students other than the two who made the reports) if Mr. Kampf did not take steps to
7  prevent tickling.
8        Plaintiffs make much of what they claim was repeated reporting.  However, a review of the
9  Amended Complaint demonstrates that only *two* reports of *tickling* were made over the course of
10 approximately one month. While perhaps tickling is inappropriate conduct for a teacher, this conduct
11 does not rise to the level of sexual molestation.  Actual notice "requires more than a simple report
12 of inappropriate conduct by a teacher." *Doe v. Sch. Admin. Dist. No. 19* (D. Me., 1999) 66
13 F.Supp.2d 57, 63.   In fact, even two reports of inappropriate conduct within a short period of time
14 (as was alleged in this case) do not, in and of themselves, establish actual notice.  Thus, in *Gebser*
15 *v. Lago Vista Independent School Dist.* ((1998) 524 U.S. 274, 118 S.Ct. 1989), the Supreme Court
16 addressed the type of actual knowledge which is required to demonstrate knowledge of sexual
17 harassment.  In *Gebser,* the petitioner was a student who attended a high school book discussion
18 group led by a teacher who repeatedly sexually molested her.  The court held that complaint from
19 parents of two of her classmates that the teacher was making sexually suggestive comments to
20 students in his class was insufficient to demonstrate actual knowledge that of sexual harassment.
21       Moreover, the duty to act is triggered only upon receipt of information showing harassment
22 was occurring at the present time. *Rasnick v. Dickenson County School Bd.* (W.D. Va. 2004) 333
23 F.Supp.2d 560.  Thus, prior parent and teacher complaints about a teacher's questionable classroom
24 comments and practices were insufficient to place school principal on actual notice of a teacher's
25 current propensity to sexually harass female students.  *Doe v. D'Agostino* (D. Mass. 2005) 367
26 F.Supp.2d 157. In *Davis v. DeKalb County School Dist.* ((11th Cir. 2000) 233 F.3d 1367), the court
27 held that a school district did not have actual notice that a  teacher was sexually molesting three
28 students even though the principal was aware that another student had complained the teacher had

1   touched her inappropriately the previous year.

2       Here, Plaintiffs allege that Defendant NIETO engaged in a pattern and practice of sexual
3   harassment. They do not, however, allege that any authoritative district employee had actual
4   knowledge of this harassment. Rather, as acknowledged in their Opposition, the Amended Complaint
5   reads that Mr. Kampfe was made aware of what they term "frequent tickling episodes." Opposition,
6   3:4-6. From this, Plaintiffs apparently contend that the school principal *should have known* that
7   NIETO was sexually harassing students in his classroom. This is not the equivalent of saying that
8   he *actually knew* any students were being sexually harassed. Even actions which are uncomfortable
9   or embarrassing are not necessarily sufficiently severe or pervasive to alter the conditions of the
10  environment to create an abusive environment. See *Meritor Savings Bank, F.S.B. v. Vinson* (1986)
11  477 U.S. 57, 106 S.Ct. 2399 (Interpreting Title VII). Accordingly, plaintiffs have failed to
12  adequately allege this vital element of their claims.

### IV. PLAINTIFFS HAVE FAILED TO ALLEGE FACTS DEMONSTRATING DELIBERATE INDIFFERENCE TO KNOWN HARASSMENT.

15      As noted in a case cited by Plaintiffs in their Opposition, liability will not lie merely because
16  a plaintiff has experienced sexual harassment on school property, but rather, the liability can only
17  be imposed for damages arising from the District's conduct in handling the problem of sexual
18  harassment or abuse. However, as set forth above, Plaintiffs' claim appears to be that Mr. Kampf
19  should have somehow investigated the reports of tickling and thus possibly discovered that more was
20  occurring than simply tickling. Assuming that to be true, then, plaintiffs allege that Mr. Kampf's
21  failure to do more than two written reprimands (despite the fact he was never given any information
22  that the second written reprimand had failed) amounted to "deliberate indifference" simply because
23  it failed to stop the molestations. This is not the law.

24      A recipient of federal financial assistance is not required to remedy sexual harassment in
25  order to avoid liability under Title IX. Rather, liability must be predicated on an official decision
26  not to remedy the violation. *Gebser v. Lago Vista Indep. Sch. Dist.* (1998) 524 U.S. 274, 118 S.Ct.
27  1989. Thus, in order to avoid liability under Title IX for sexual harassment, the recipient must
28  merely respond in a manner that is not clearly unreasonable. Victims do not have a right to particular

1  remedial demands, nor should courts second guess the disciplinary decisions that school
2  administrators make. As noted in the case of *Vance v. Spencer County Public School Dist.* ((6th Cir.,
3  2000) 231 F.3d 253), in the context of student-on-student harassment, this standard does not mean
4  that recipients must expel every student accused of misconduct.  This rationale applies equally in the
5  context of alleged teacher-student harassment, particularly where it is undisputed that the principal
6  took remedial actions to stop the known behavior, and was never provided actual notice that those
7  actions did not work until after all offensive conduct ceased.

8        In fact, although the Ninth Circuit has not yet addressed the issue of what constitutes
9  "deliberate indifference" in the context of Title IX, in the context of Title VI, the Court has held that
10 a school district will only be liable for discrimination if the need for intervention was so obvious,
11 or if inaction was so likely to result in discrimination, that it can be said to have been deliberately
12 indifferent to the need. *Monteiro v. Tempe Union High School Dist.* (9th Cir., 1998) 158 F.3d 1022.
13 In the context of 42 U.S.C. §183, it has held that deliberate indifference is defined as "the conscious
14 or reckless disregard of the consequences of one's acts or omissions." *Redman v. County of San*
15 *Diego* (9th Cir., 1991) 942 F.2d 1435, 1442.

16       These definitions are consistent with the Supreme Court's interpretation of "deliberate
17 indifference" in other areas.  For example, in an analogous situation, the term "deliberate
18 indifference" is used to determine whether prison officials have violated the Eighth Amendment by
19 disregarding a known excessive risk to inmate health and safety.  In this context, the Supreme Court
20 has held that there is no liability unless the relevant official both: (1) is aware of facts from which
21 inference could be drawn that substantial risk of serious harm exists, and (2) actually draws that
22 inference.  Thus, the failure to alleviate a significant risk that an official should have perceived but
23 did not, does not constitute "deliberate indifference." *Farmer v. Brennan* (1994) 511 U.S. 825, 114
24 S.Ct. 1970. Rather, in order to establish deliberate indifference, therefore, there must be a purposeful
25 act or failure to act and resulting harm. See *Shapley v. Nevada Bd. of State Prison Comm'rs*, (9th Cir.,
26 1985) 407 (9th Cir.1985). A difference of opinion regarding the need for treatment does not
27 constitute "deliberate indifference." *Franklin v. Oregon* (9th Cir., 1981) 662 F.2d 1337, 1344 (9th
28 Cir.1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need

1  to pursue one course of treatment over another is generally insufficient to establish deliberate
2  indifference. *Toguchi v. Chung* (9th Cir., 2004) 391 F.3d 1051, 1058, 1059-60. Instead, in order to
3  prevail on a claim involving choices between alternative courses of treatment, a prisoner-plaintiff
4  must show that the course of treatment chosen was medically unacceptable under the circumstances
5  and that they chose this course in conscious disregard of an excessive risk to plaintiff's health.
6  Jackson v. McIntosh (9th Cir., 1996) 90 F.3d 330, 332.

7      Plaintiffs' Opposition presents no authority to the contrary although it cites two cases: *Davis*
8  *v. Monroe County Board of Education* ((1999) 526 U.S. 629, 641, 649, 119 S.Ct. 1661, and *Oona*
9  *R.-S. v. McCaffrey* (9th Cir., 1998) 143 F.3d 473, 478. To begin with, Plaintiffs cited *Davis* for the
10 proposition that " a school board's lack of response to known harassment over a five-month period
11 may amount to unreasonable response to the circumstances" (Opposition 4: 4-6) is notable mainly
12 for its disparity to this case. Not only was the harassment in that case definitively reported as a
13 combination of sexually explicit remarks and sexually suggestive touching, but *eleven reports of*
14 *such conduct were made by the same plaintiff* over a course of five months to persons in a position
15 to remedy the violation.[1]     One report was even made by the plaintiff jointly with two other girls.
16 Even so, the District did absolutely nothing to protect either the plaintiff or the other two girls that
17 complained.

18     The inapplicability of *Oona* is even more apparent. The *Oona* case preceded the Supreme
19 Court's decision in both *Gebser v. Lago Vista Indep. Sch. Dist.* ((1998) 524 U.S. 274, 118 S.Ct.
20 1989) and *Davis v. Monroe County Board of Education* ((1999) 526 U.S. 629, 641, 649, 119 S.Ct.
21 1661). Accordingly, to the extent the standard set forth in the case is inconsistent with these
22 Supreme Court cases, it must be disregarded as contrary to current law.

23     In an appropriate case, a district court can find that a school district's response was not
24 "clearly unreasonable" as a matter of law. See *Davis v. Monroe County Board of Education* (1999)
25 526 U.S. 629, 641, 649, 119 S.Ct. 1661. This is such a case. Plaintiffs' Amended Complaint alleges

---

[1] The alleged harraser in the *Davis* case was a student. Thus, unlike the instant situation, reports to both the teachers and the principal were reports to an individual in a position of sufficient authority to rectify the problem.

1  only that the course of discipline chosen by Mr. Kampf to remedy the reports of tickling (i.e., written
2  reprimands) was the incorrect choice. There are no allegations that Mr. Kampf knew that these
3  reprimands would be insufficient when he chose them, nor are there any allegations that Mr. Kampf
4  ever actually realized that they were insufficient. Thus, plaintiffs have failed to allege facts to
5  constitute the requisite "deliberate indifference."

## V.
### PLAINTIFFS HAVE FAILED TO ALLEGE FACTS SHOWING THAT ANY OF THEM WAS ACTUALLY HARASSED AT ANY POINT AFTER A DISTRICT OFFICIAL'S DELIBERATE INDIFFERENCE EFFECTIVELY CAUSED SEXUAL HARASSMENT.

Plaintiffs' Opposition ignores the argument set forth in the initial Points and Authorities in support of this motion that there are no allegations that any specific one of them was sexually harassed after whatever point in time they claim Mr. Kampf became "deliberately indifferent" to their plight as sexual harassment victims. However, as set forth in the original motion, this fact alone is fatal to their complaint. A school district cannot be liable for any harassment which occurs prior to its knowledge of harassment pursuant to Title IX. *Hayut v. State University of New York* (2nd Cir., 2003) 352 F.3d 733. Nonetheless, although Plaintiffs have stated that some of them were students during the 1994-1995 year and others were students during the 1995-1996, even Plaintiffs agree that notice of inappropriate behavior could not have occurred earlier than December 1995. Thus, the students who were only in Mr. Nieto's class during the 1994-1995 school year cannot recover under Title IX. Similarly, even the 1995-1996 students who were not themselves sexually harassed after whatever date Mr. Kampf's actions allegedly stooped to the level of "deliberate indifference" cannot recover. Plaintiffs allege the fact that they were: (1) students in Nieto's class "throughout the relevant period" and (2) "subjected to Nieto's sexual touching" satisfies the issue of alleging causation. Opposition, 5:25-26. However, as set forth in the initial pleadings, recipients can be liable in damages only where their deliberate indifference effectively causes the discrimination. *Davis v. Monroe County Board of Education* ((1999) 526 U.S. 629, 642-643, 119 S.Ct. 1661. No specific plaintiff has set forth any facts whatsoever to show that this occurred, or even to show that any one of them was sexually harassed after Mr. Kampf became aware that his efforts to stop the tickling were insufficient to prevent them from being sexually harassed. Thus, all

1  plaintiffs have failed to comply with F.R.C.P. Rule 8(a)(2). Accordingly, the motion should be
2  granted.

## VI. CONCLUSION

For the above stated reasons, and based upon the Amended Complaint in this action and the authorities cited herein and in the original pleadings filed in support of this motion, the Court should grant this Motion pursuant to F.R.C.P. Rule 12b6.

DATED: August 20, 2007                              **ANWYL, SCOFFIELD & STEPP, LLP**

By_____/s/ JAMES T. ANWYL_____
          JAMES T. ANWYL
          Attorneys for Defendant  **CLOVIS UNIFIED SCHOOL DISTRICT**

|   |   |
|---|---|
| 1 | **DECLARATION OF SERVICE - CCP §§1013a and 2015.5** |
| 2 | **STATE OF CALIFORNIA, COUNTY OF SACRAMENTO** |

In Re: **Tarah Joy Johnson, et al.**
United States District Court, Eastern District of California, Fresno Division
Docket CIV-F-04-6719 AWI DLB

I am over the age of eighteen and am not a party to the within entitled action; my business address is 2180 Harvard Street, Suite 200, Sacramento, California  95815-3318.

I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service.

On the below date, I served a copy of the following:
**DEFENDANT'S REPLY TO PLAINTIFFS' MOTION TO DISMISS JOSEPH NIETO PURSUANT TO FRCP, RULE 12b6**
on the above entitled matter by the following means hereafter checked,

**XXX**   U.S. Postal Service (placing sealed envelope with postage thereon fully prepaid in the designated area for out-going mail in accordance with this office's practice, whereby mail is deposited in a U.S. mailbox in Sacramento County at the close of the business day).

| | |
|---|---|
| JOSEPH NIETO<br>6050 North Marks Avenue #124<br>Fresno, CA 93711<br>T: 559/449-0723<br>F: NONE AVAILABLE<br>**IN PRO PER** | **COURTESY COPY TO:**<br><br>John Mahan, Esq.<br>GIBEAUT, MAHAN & BRISCOE<br>6701 Center Drive West, Suite 611<br>Los Angeles, CA  90045<br>T: 310/410-2020<br>F: 310/410-2010<br>**Associated Attorneys for Defendants Clovis USD** |

**XXX**   Sent via electronic filing with USDC through PACER

Stephen R. Cornwell, Esq.
Rene Sample, Esq.
CORNWELL & SAMPLE, LLP
7045 N. Fruit Avenue
Fresno, CA 93711-0761
T: 559/431-3142
F: 559/436-1135
**Attorneys for Plaintiffs**

**XXX**   [*Federal*] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 20, 2007, at Sacramento, California.

_____
Phyllis J. Kendall