UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARAH JOY JOHNSON; KELLY JENNINGS; ALEXA N. KOURAFAS; MEREDITH L. FARMER; AMI L. LOWREY; MARISSA HARVEY; DANIELLE HOFFMAN; NATALIE GREGORIO; and ROBIN MATTHEWS,<br><br>           **Plaintiffs,**<br>     v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT; JOSEPH NIETO; and DOES 1-25,<br><br>           **Defendants.** | 1: 04-CV-6719-AWI-DLB<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS DEFENDANT JOSEPH NIETO<br><br>(Document #51) |

This case comes before the Court on Plaintiffs' motion for voluntary dismissal of Defendant Joseph Nieto ("Nieto") from Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).  Plaintiffs and co-Defendant Clovis Unified School District ("Clovis Unified") have reached a settlement that does not include Nieto.[1]  Plaintiffs seek dismissal of Nieto, but Nieto refuses to stipulate to dismissal, and Nieto seeks certain conditions for his dismissal from this case.  For the reasons below, Plaintiffs' motion for voluntary dismissal as to Nieto is granted.

## BACKGROUND

Plaintiffs filed a First Amended Complaint ("FAC") against Nieto and Clovis Unified on June 15, 2007 in this action.  Plaintiffs alleged violation of 42 U.S.C. § 1983, California Civil

---

[1]Plaintiffs' claims against Clovis Unified are not relevant to the instant motion.

Code § 1708.5, California Educational Code § 212.5, and intentional infliction of emotional distress as to Nieto.  Nieto filed his answer to the FAC on August 1, 2007.  Less than a week later, Plaintiffs filed the instant motion for voluntary dismissal of Nieto from the case.  Nieto contends that Plaintiffs' motion to dismiss him from the lawsuit is to avoid having to comply with certain discovery orders by the Magistrate Judge.

On August 23, 2007, Plaintiffs filed a notice of settlement.  The notice indicates that the case "has been settled by and between the parties" and that "[t]he settlement has not been consummated."  Apparently, the settlement only involves Clovis Unified and not Nieto.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action with or without prejudice at any time.  *See Westlands Water District v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996), citing Fed. R. Civ. Proc. 41(a)(2).  The decision to grant a voluntary dismissal is in the discretion of the district court.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994).  In making this decision, the court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal.  *Id.*  The Ninth Circuit has held that the expense incurred in defending a lawsuit does not amount to legal prejudice because a defendant's interest can be protected by conditioning dismissal without prejudice upon the payment of appropriate costs and attorney fees.  *Westlands*, 100 F.3d at 97.

## DISCUSSION

**I.   VOLUNTARY DISMISSAL**

Plaintiffs cite three reasons supporting their request for voluntary dismissal of Nieto: (1) Simplification of their case against Clovis Unified; (2) Nieto is unrepresented by counsel, which purportedly makes communication "difficult and time-consuming"; and (3) Nieto has no assets to satisfy a judgment against him.  Plaintiffs claim there will be no prejudice to Nieto because he would not lose any rights or defense in the event of future litigation.  Plaintiffs also request a

voluntary dismissal without any conditions imposed.  Plaintiffs maintain that because Nieto has appeared in *propia persona* he is not entitled to attorney fees.

Nieto filed an opposition to Plaintiffs' motion where he argues that the instant motion is a thinly-veiled attempt by Plaintiffs to avoid providing him with documents through the discovery process. Nieto maintains that Plaintiffs knew he had no assets when he was named a defendant in the FAC, and that Plaintiffs purportedly added him to the complaint in order to have Nieto assign to Plaintiffs any claim he has against Clovis Unified for failure to indemnify.  Nieto represents that he incurred legal costs in defense of this action, in the research and presentation of his claim for indemnification to Clovis Unified, and for his counterclaim for malicious prosecution.  Nieto also seeks recovery of his legal expenses, an order protecting him from future involvement in discovery in this case, legal fees for future discovery in any other case, and dismissal with prejudice.

After review of the parties' moving papers, this Court concludes that voluntary dismissal is appropriate as Nieto will suffer no legal prejudice if Plaintiffs' claims against him are dismissed.  Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97.   Legal expenses incurred as a result of defending an action do not amount to legal prejudice, in part because the dismissal can be conditioned on payment of the appropriate costs and attorney fees. *See id*.  A defendant is also not prejudiced if he has to face the prospect of a second lawsuit. *See id.* at 96 ("[T]he threat of future litigation which causes uncertainty, because the dispute remains unresolved, is insufficient to establish plain legal prejudice.").

Here, the only potential legal prejudice Nieto could suffer is dismissal of his purported counterclaim for malicious prosecution.  Plaintiffs argue that Nieto's claim is not properly before this Court because Nieto did not file a cross-complaint and his claim for malicious prosecution is pled as an affirmative defense.  Plaintiffs' argument is persuasive.   Nieto has never filed a counterclaim.   Although the Federal Rules of Civil Procedure afford relief to a litigant

misdesignating a counterclaim as an affirmative defense, *see* Fed. R. Civ. Proc. 8(c) ("When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."), Nieto's malicious prosecution claim would not be saved, even if it had been properly designated.    Strung together the allegations in Nieto's affirmative defenses are insufficient to constitute a counterclaim for malicious prosecution.   A claim for malicious prosecution requires the following: (1) institution of a prior action, (2) without probable cause, (3) with malice, (4) termination of the prior action favorable to the plaintiff bringing the malicious prosecution action, and (5) resulting in damage.  5 Witkin, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) Torts § 469, at p. 696.  The basis of Nieto's counterclaim is the present lawsuit, which is not yet terminated.[2]   Nieto's counterclaim is not only misdesignated but fails because it is wholly insufficient to state a cause of action.  Thus, Nieto will suffer no legal prejudice upon dismissal.

## II.      CONDITIONS ON VOLUNTARY DISMISSAL

### A.      Attorney Fees and Costs

While imposition of costs and fees as a condition for dismissal without prejudice is within a court's discretion, they are not mandatory. *Westlands*, 100 F.3d at 97; *Stevedoring Services v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).   For example, in Stevedoring Services v. Armilla Int'l B.V., 889 F.2d 919  (9th Cir.  1989), the Ninth Circuit considered a district court's decision to dismiss without prejudice and without payment of any attorneys' fees. The district court reasoned that the defendant was not entitled to fees because (1) the plaintiff had

---

[2] It is clear that the basis for Nieto's claim is the present action, which has not yet terminated let alone terminated in his favor.  The twenty-seventh affirmative defense provides: "Defendant is informed and believes, and based thereon respectfully alleges, that the Amended Complaint, each and every cause of action contained therein, is unreasonable/false and/or was filed in bad faith and/or is a frivolous, malicious prosecution against this Defendant...."  The thirtieth affirmative defense provides, "Defendant is informed and believes, and based thereon respectfully alleges, that the Amended Complaint, each and every cause of action contained therein, fails to state true facts which have been testified in three criminal trials.  The Plaintiffs' Amended Complaint is fraudulent in truth and malicious."

raised a substantial legal question, (2) the plaintiff had acted in good faith with a realistic chance of success, (3) the imposition of costs and fees might discourage early dismissal, and (4) it would be anomalous to award fees upon dismissal in a case where the defendants would not be awarded costs and fees if they prevailed at trial. Id. at 920-921. The Ninth Circuit found that the first consideration, alone, was sufficient to support the district court's decision and did not address the additional grounds. Id. at 922.

Plaintiffs make a number of arguments why Nieto is not entitled to recover attorney fees and costs. First, Plaintiffs argue that Nieto would not be entitled to fees and costs for defense of the federal claims against him because he is not a prevailing party under 42 U.S.C. § 1988. Plaintiffs also argue that under state law he is not entitled to fees unless authorized by contract or statute, citing Cal. Code of Civ. Proc. §§ 1021, 1033.5. A district court's authority to condition voluntary dismissal on payment of a defendant's fees and costs arises from Rule 41 and not from attorney fees statutory provisions. *See* Fed. R. Civ. Proc. 41(a)(2). While it may seem anomalous to require the payment of an attorney's fee if the plaintiff would not have been liable for the fee had the plaintiff lost the case on the merits, the court may still award fees under the circumstances of a particular case. Charles Alan Wright & Arthur R. Miller, 9 FEDERAL PRACTICE AND PROCEDURE § 1356.

Regardless of the fact the payment of attorney's fees does not depend on Nieto's ability to receive such fees had he prevailed after trial, the Court declines to make their payment a condition of dismissal. This action is at the early stages, and while the costs and expenses of this action to Nieto will not be underestimated, no dispositive motion has been filed by Nieto and no trial expenses have been incurred. Plaintiffs' decision to dismiss Nieto appears to stem almost entirely from a settlement with the other named Defendant and Nieto's lack of funds as opposed to any admission by Plaintiffs on the weakness of their case. Attorney's fees may be denied if the plaintiff had "a realistic chance of prevailing." *Stevedoring Servs.*, 889 F.2d at 922. While the Ninth Circuit has not defined what showing is sufficient to establish a realistic chance

5

of prevailing, this District has previously found that a "realistic chance" can be established by something less than a preponderance of the evidence and less even than a showing that success is more likely than not. *OptiStreams, Inc. v. Gahan*, 2006 WL 829113, *6 (E.D.Cal. 2006). Here, the Court cannot find Plaintiffs had no realistic chance of prevailing. Nieto correctly points out that little has changed from the filing of this lawsuit, and when this action was filed, Plaintiffs should have known Nieto had no funds to satisfy a judgment and Nieto would be entitled to relevant discovery. However, these arguments go to the strategic reasons for including Nieto in this action, which could include anything from Plaintiffs' belief Nieto was a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure to Plaintiffs' desire for a symbolic verdict. Based on the evidence and filings before the Court, the Court cannot find Plaintiffs had no realistic chance of prevailing. As such, the Court declines to award attorney's fees in light of the fact Nieto could not have received them had he obtained a verdict in his favor.[3]

Nieto also appears to request various expenses and costs that he has paid to attorneys who he hired to represent him. A prevailing defendant is ordinarily entitled to its costs. See 28 U.S.C. § 1920; Local Rule 54-292 Unlike an award of attorney's fees, Plaintiffs would have been required to pay Nieto's costs had Nieto prevailed in this action. The court finds it is equitable to require Plaintiffs to pay costs that otherwise will be avoided by Plaintiffs' voluntary dismissal. However, the definition of costs is narrow. Only those costs listed in 28 U.S.C. § 1920 and Local Rule 54-292 may be taxed. Nieto has not provided an accounting of his taxable costs. A review of the documentation provided by Nieto does not reveal the amount of Nieto's taxable costs. The closest is a list of expense found on the billing records of Fishman, Larsen, Goldering & Zeitler. However, these expenses include expenses for telephone calls and

---

[3] While the Court declines to award any fees for attorney's work, the court does note that much of the fees relate to matters other than defense of this litigation. A defendant is not entitled to reimbursement of costs and legal fees incurred in preparing work product that may be useful in continuing litigation between the parties. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993), quoting *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 932 (9th Cir. 1986). For this reason, Nieto is not entitled to recover for legal work relating to his counterclaim or for indemnification.

computer research, which are not taxable costs. Thus, the Court declines to make payment of taxable costs a requirement prior to dismissal of this action.

### B.     Other Conditions to Voluntary Dismissal Sought by Nieto

Nieto also requests the Court impose as a condition for voluntary dismissal an order that he not have further involvement in any discovery in this case, or alternatively, for any future legal expenses incurred in providing discovery. The Court declines to grant this relief. There is no basis for an order precluding Nieto's involvement in discovery or for an award of future legal fees. Additionally, as Plaintiffs point out, the case between Plaintiffs and Clovis Unified, has settled rendering further discovery involving Nieto moot.

Nieto also requests dismissal with prejudice, arguing that he should be protected from the burden and expense of future litigation. Nieto maintains that the lawsuits against him have been malicious and that if Plaintiffs are going to file a future suit then, for the sake of judicial economy, he requests that a trial date be set to come to "a decisive decision once and for all." Nieto has provided no basis for a dismissal with prejudice. As outlined above, the prospect of a future lawsuit is insufficient to constitute legal prejudice. *See Westlands*, 100 F.3d at 96.

## ORDER

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for dismissal of Nieto without prejudice is GRANTED;
2. Nieto is DISMISSED from this action without prejudice pursuant to Rule 41(a)(2).

IT IS SO ORDERED.

**Dated:   October 23, 2007**            /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE